896 F.Supp. 763 (1995)
UNITED STATES of America, Plaintiff,
v.
Eddie L. FRYER, Defendant.
No. 90 CR 57.
United States District Court, N.D. Illinois, Eastern Division.
August 2, 1995.
*764 Eddie Fryer, pro se.

MEMORANDUM OPINION AND ORDER
SHADUR, Senior District Judge.
Eddie Fryer ("Fryer") is a multiple bank robber who is serving a 262-month term in the Bureau of Prisons, following a jury conviction on five counts that respectively charged Fryer with three such robberies and with the use of firearms in carrying out two of them. This Court has just received the latest of Fryer's efforts to overturn his conviction and sentence[1]: this time a self-prepared document captioned "Defendant's Pro-Se Motion Requesting Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(b)(1), (c)(i)."
Fryer's current challenge focuses on last Term's decision by the United States Supreme Court in United States v. Lopez, ___ U.S. ___, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), which invalidated a criminal statute (18 U.S.C. § 922(q)[2]) for lack of a federal nexus  in that instance, because of the absence of sufficient anchorage in the Commerce Clause. According to Fryer, that same flaw taints Section 924(c)(1), under which Fryer's sentence was enhanced because he used a weapon  a firearm  during two of his bank robberies:[3]
Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years....
But what Fryer's extended discussion omits entirely is any reference at all to what is plainly the key language in Section 924(c)(1): its provision that limits its coverage to crimes of violence (a category that of course includes bank robbery) "for which he may be prosecuted in a court of the United States." In other words, the precondition to operation of Section 924(c)(1) is that a defendant's firearm usage must be linked to another substantive offense that is itself subject to federal prosecution (and hence must have its own federal linkage).
In this instance each substantive offense with which Fryer was charged and on which he was convicted, in conjunction with which the jury found he had used a firearm, was bank robbery committed by force and violence (Section 2113(a) and (d)). And that crime, as is made crystal clear by the definitions of the included financial institutions under Section 2113(f), (g) and (h), is unquestionably *765 well within the United States' commerce power. Accordingly the Lopez analysis is totally inapplicable here, Fryer's motion is therefore totally without merit, and the motion must be and is denied.

MEMORANDUM OPINION AND ORDER
This Court has responded in the past to a number of post-conviction (and post-appeal) motions brought by Eddie Fryer ("Fryer"), whose conviction after a jury trial was affirmed some three years ago on direct appeal, 974 F.2d 813 (7th Cir.1992). Most recently Fryer has tendered two additional self-prepared documents, respectively captioned:
1. "Defendant's Pro-Se Motion Requesting this Court to Direct Clerk of this Court to Comply to this Court's Memorandum Opinion and Order Dated May 2, 1995"; and
2. "Motion in Response to this Court's Memorandum Opinion and Order Dated May 19, 1995."
As to the first of those motions, this Court has personally undertaken to obtain for Fryer the documents that had been the subject of its May 2, 1995 memorandum opinion and order but had not yet been delivered to Fryer. That effort has not been entirely successful (see n. 2), but the following materials are transmitted to Fryer together with a copy of this memorandum opinion and order:
1. transcripts of the proceedings of July 23 and 24, 1990, reporting a pretrial evidentiary hearing relating to the admissibility of identification testimony;[1] and
2. photocopies of photographs that have just been delivered to this Court by Assistant United States Attorney Diane MacArthur, together with a photocopy of her forwarding letter.[2]
As for the second "motion," it merely provides some information in connection with a subject that this Court had mentioned on a purely collateral basis in this footnote to its May 19, 1995 memorandum opinion and order:
PSI lines 433-35 (on page 12) reflect that as of the January 16, 1991 date of the PSI Fryer had filed an appeal concerning that sentence for violation of probation. This Court is unaware of the result of that appeal.
Fryer has now advised that his state court conviction for unlawful use of a weapon by a felon had been reversed as a result of that appeal, while the finding of his violation of probation had been affirmed, so that his four-year state-court sentence was left undisturbed.[3] According to the Illinois Appellate Court's slip opinion that Fryer has attached to his current filing (People v. Fryer, Nos. 1-90-2734 and 90-2735 (1st Dist. Apr. 25, 1994)), the reversal of the substantive conviction was based upon a determination that the motion to quash Fryer's arrest and to suppress evidence should have been granted.
This Court has taken note of the information that Fryer has provided in that respect, and it has retained a copy of the Illinois Appellate Court opinion. No other action is called for at this point (even though Fryer labels his filing a "motion," he has asked for no other relief from this Court).
NOTES
[1] Earlier this month this Court issued the attached memorandum opinion addressing other post-conviction and post-appeal motions brought by Fryer. As that opinion indicates, Fryer's conviction was affirmed on direct appeal, 974 F.2d 813 (7th Cir.1992).
[2] Further citations to that statute and to Fryer's statutes of conviction will take the form "Section ," avoiding the repeated need to refer to Title 18 (where all of the statutes are codified).
[3] Ellipses in the statutory quotation that follows in the text serve to highlight the relevant language by omitting references to alternative coverage of the statute unrelated to Fryer's offenses  drug trafficking and the use of more dangerous weapons such as a short-barreled rifle, a short-barreled shotgun, a machine gun or a silencer-equipped weapon.
[1] This Court has not made any effort to review the transcript at any length for accuracy. However, even a brief look at its first page or two has disclosed a few typographical errors. If and when Fryer may decide to proceed with a motion under 28 U.S.C. § 2255 to challenge his conviction or sentencing or both, it will be time enough to review the transcripts to see whether there are any errors in transcription that make a material difference in the content of the hearing or of this Court's ruling denying Fryer's motion to suppress.
[2] This Court's inquiries directed to the two Clerk's Officesboth in the District Court and in the Court of Appeals  have been unsuccessful in locating the original still photographs.
[3] Fryer had been committed by the state trial court to concurrent four-year sentences for the two violations.